CENTRAL TRANSPORT, INC., *v.* INGHAM CIRCUIT JUDGE.

1. PUBLIC SERVICE COMMISSIONS—MOTOR CARRIER ACT—SUSPENSION
   OF ORDERS—REHEARINGS.
      The motor carrier act has conferred upon the public service
      commission plenary power, for good cause shown and subject
      to statutory appeal, to stay or suspend any and all of its
      findings or orders provided the required notice and oppor-
      tunity to be heard is supplied to the parties affected thereby,
      and to grant rehearings upon petitions filed within the time
      allowed for appeal (CL 1948, § 479.18; CLS 1956, § 479.20).

2. SAME—MOTOR CARRIER ACT—REHEARING ON ORDER IN EFFECT.
      The power of the public service commission to consider and
      determine a petition for rehearing under the motor carrier
      act is not affected or impaired by the fact that the previously
      issued order is already in effect, where the petition is timely
      filed (CL 1948, §§ 479.14a, 479.18; CLS 1956, § 479.20).

3. SAME—MOTOR CARRIER ACT—DISCRETION OF COMMISSION—INJUNC-
   TION.
      Circuit judge's injunction against public service commission re-
      straining it from authorizing mandamus plaintiff, a motor
      carrier, from continuing operations in violation of commis-
      sion's order as to which plaintiff filed a timely application
      for rehearing is ordered vacated, where there is no showing
      that the commission had abused the discretion conferred upon
      it by the motor carrier act (CL 1948, §§ 479.14a, 479.18;
      CLS 1956, § 479.20).

4. COSTS—MANDAMUS—INJUNCTION—PUBLIC SERVICE COMMISSIONS
   —CIRCUIT COURT.
      No costs are allowed in mandamus proceeding to compel circuit
      judge to vacate injunction against public service commission

---

REFERENCES FOR POINTS IN HEADNOTES
[1–3]  2 Am Jur 2d, Administrative Law §§ 534–538.
[4]  35 Am Jur, Mandamus § 393.

which had suspended effectiveness of order after mandamus plaintiff had petitioned for a rehearing as to such order (CL 1948, §§ 479.14a, 479.18; CLS 1956, § 479.20).

Original mandamus by Central Transport, Inc., a Michigan corporation, against Marvin J. Salmon, Ingham Circuit Judge, to compel dissolution of temporary injunction, obtained in suit by National Automobile Transporters Association and Michigan Intra-State Motor Tariff Bureau, Inc., restraining the Michigan public service commission from authorizing or permitting Central Transport, Inc., to continue trucking operations pending rehearing on rates. Submitted December 13, 1962. (Calendar No. 50,171.) Writ granted December 31, 1962. Rehearing denied February 6, 1963.

*Sullivan, Elmer, Eames & Moody* (*Rex Eames* of counsel), for plaintiff.

*Matheson, Dixon & Bieneman* (*Walter N. Bieneman* and *Joseph A. Lavey,* of counsel), for defendant.

Per Curiam. September 25, 1961, National Automobile Transporters Association filed with the public service commission a "Complaint against and petition for investigation of unreasonable and unlawful rates published by defendant." The complaint named as defendant the present plaintiff in mandamus, Central Transport, Incorporated. September 13, 1962 (served as required by statute September 26, 1962), the commission entered an order adjudging that Central's published motor carrier rates were unlawful. One of the 3 commissioners dissented. October 5th Central filed before the commission a petition for rehearing of and stay of the commission's order dated September 13th. October 9th complainant NATA filed reply to Central's said petition and prayed denial thereof "forthwith."

October 24th the commission served on the parties in interest an order (dated October 18th) reading:

"In consideration of the petition for rehearing and stay of order filed by the defendant herein, the effective date of this commission's order in the above-entitled matter, dated September 13, 1962, is hereby stayed until further notice, and the matter is scheduled for rehearing at 9:30 a.m. on Thursday, November 29, 1962, at the offices of the commission, Lewis Cass building, Lansing, Michigan. Interested parties should be present."

October 31st National Automobile Transporters Association, joined by Michigan Intra-State Motor Tariff Bureau, filed a bill in the Ingham circuit alleging that the commission had no power or authority to stay and rehear as it had ordered. The prayer was that the commission be temporarily and permanently enjoined and restrained "from authorizing or permitting said Central Transport Co., Inc., to continue operations in violation of the defendant commission's order of September 13, 1962."

November 14th the chancellor entered a restraining order as follows:

"It is hereby ordered, adjudged and decreed that: during the pendency of this litigation, the purported order of the defendant Michigan public service commission dated October 18, 1962 in docket T–177 entitled National Automobile Transporters v. Central Transport, Inc., be temporarily suspended and stayed and the defendant commission be temporarily restrained and enjoined from authorizing or permitting Central Transport, Inc., to continue operations in violation of its order of September 13, 1962, in the above named proceeding."

Central by original petition for mandamus would compel vacation of the last quoted order. It alleges that the commission's order for stay and rehearing was discretionarily authorized by section 18 of

article 5 of the motor carrier act. Said section 18 is officially cited as CL 1948, § 479.18.[1] The substance of the respondent circuit judge's return is:

"Without in any way determining the ultimate merits of the proceeding, and in the light of the matters and things herein set forth, defendant concluded that the opinion and order of the Michigan public service commission dated September 13, 1962, had become finally effective prior to October 18, 1962, and the subsequent order of October 18, 1962, constituted an amendment or modification of substance which could not lawfully be made without notice and hearing. Defendant further concluded that there had been a substantial and convincing prima facie showing before the defendant that the Michigan public service commission had exceeded its powers and had acted unlawfully and arbitrarily in issuing its purported order of October 18, 1962."

Upon examination of section 18 we find that the legislature intended the commission should have plenary power (for cause good in the commission's view and subject to statutory "appeal") to stay—"suspend" the statute says—"any and all of its findings or orders" provided the required notice and opportunity to be heard is supplied to the "parties affected thereby."[2] Further, section 18 grants due authority to rehear as done here; Central's petition for such rehearing having been filed within the time for "appeal" allowed by subsequent section 20 (CLS 1956, § 479.20 [Stat Ann 1961 Cum Supp § 27.585]).

That the order dated September 13th went into effect (see section 14a; CL 1948, § 479.14a [Stat Ann

[1] Stat Ann § 22.583.—REPORTER.
[2] The plaintiffs in the chancery suit, likewise the respondent in the present proceeding, make no claim that the commission denied said plaintiffs the notice and opportunity of hearing section 18 requires as a condition of consideration and determination of a petition to revoke, suspend, et cetera.

1961 Cum Supp § 22.579(1)]) on October 16th did not affect or impair the commission's power to consider and determine Central's petition for rehearing. The power to rehear under section 18 is analogous to the statutory power of a probate court to rehear and reconsider an order already in effect.    See *In re Fletcher's Estate,* 265 Mich 234, 236.    Here as in *Fletcher* the statute (said section 18) retains the power to rehear provided a petition therefor is filed during the 30-day period specified in section 20.

Since there is no showing that the commission so far has abused the discretion conferred upon it by said section 18, the circuit judge will vacate his order of November 14th.    No costs.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, OTIS M. SMITH, and ADAMS, JJ., concurred.